**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

**WILLIAM T. CLARK, III AND
MICHAEL S. PEARL,**          **CASE NO. 2:18-cv-04852-SSV-DEK**

      **Plaintiffs,**

                            **JUDGE SARAH S. VANCE**

**vs.**

**WRIGHT NATIONAL FLOOD
INSURANCE COMPANY,**          **MAGISTRATE JUDGE DANIEL E.
KNOWLES, III**

      **Defendant.**

<u>**WRIGHT NATIONAL FLOOD INSURANCE COMPANY'S
ANSWER AND AFFIRMATIVE DEFENSES**</u>

      Defendant, Wright National Flood Insurance Company ("Wright"), which appears solely in its capacity as a Write-Your-Own ("WYO") Program insurance carrier participating in the United States Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] in its "fiduciary"[2] capacity as the "fiscal agent of the United States,"[3] by and through the undersigned counsel, by way of its Answer and Affirmative Defenses to the Plaintiffs' Complaint ("Complaint") filed by Plaintiffs, William T. Clark, III and Michael S. Pearl ("Plaintiffs") hereby states as follows:

<u>**ANSWER**</u>

      Wright hereby responds to the specific allegations contained in the Complaint, as follows:

      1.      The allegations contained in paragraph 1 of the Complaint are admitted.

      2.      The allegations contained in paragraph 2 of the Complaint are admitted.

---

[1] *See* 42 U.S.C. § 4001 *et seq.*
[2] 44 C.F.R. § 62.23(f).
[3] 42 U.S.C. § 4071(a)(1); *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 386 (5th Cir. 2005).

3.      The allegations contained in paragraph 3 of the Complaint are admitted in part and denied in part.  Wright admits that while acting in its capacity as a WYO Program carrier, it issued Standard Flood Insurance Policy ("SFIP") numbers 17 1150318093 05 (the "March 2016 Policy") and 17 1150318093 06 (the "August 2016 Policy") to William T. Clark, III, for the property located at 13 Park Lane, Folsom, LA 70437 ("the Property").  Wright admits that the March 2016 Policy was in effect from April 27, 2015 through April 27, 2016 and provided policy limits of $250,000.00 for Coverage A (Building) subject to a $10,000.00 deductible and $100,000.00 for Coverage B (Contents) subject to a $10,000.00 deductible.  Wright admits that the August 2016 Policy was in effect from April 27, 2016 through April 27, 2017 and provided policy limits of $250,000.00 for Coverage A (Building) subject to a $10,000.00 deductible and $100,000.00 for Coverage B (Contents) subject to a $10,000.00 deductible.  Wright denies all remaining allegations contained in paragraph 3 of the Complaint.

FACTS RELATING TO THE FIRST FLOOD

4.      The allegations contained in paragraph 4 of the Complaint are admitted in part and denied in part.  Wright admits that the Property sustained damage as a result of flooding that occurred on or about March 11, 2016 ("March 2016 Flood").  Wright denies all remaining allegations contained in paragraph 4 of the Complaint.

5.      The allegations contained in paragraph 5 of the Complaint are admitted in part and denied in part.  Wright admits that it was notified of the March 2016 Flood on or about March 13, 2016 and that claim number 16-0001137 was assigned to the claim.  Wright admits that an independent adjuster with Colonial Claims Corporation ("Colonial") was assigned, as a matter of courtesy only, to inspect the Property.  Wright admits that the independent adjuster took photographs of the Property and determined the exterior flood line to be 53 inches and the

interior flood line to be 3 inches.  Wright denies all remaining allegations contained in paragraph 5 of the Complaint.

6.      The allegations contained in paragraph 6 of the Complaint are denied.

7.      The allegations contained in paragraph 7 of the Complaint are denied.

8.      The allegations contained in paragraph 8 of the Complaint are admitted in part and denied in part.  Wright admits to the existence of emails between Brian Nixon and Michael Pearl dated July 29, 2016.  Wright denies all remaining allegations contained in paragraph 8 of the Complaint.

9.      The allegations contained in paragraph 9 of the Complaint are admitted in part and denied in part.  Wright admits to the existence of emails between Brian Nixon and Michael Pearl dated August 15, 2016 and September 27 and 28, 2016.  Wright denies all remaining allegations contained in paragraph 9 of the Complaint.

10.     The allegations contained in paragraph 10 of the Complaint are admitted in part and denied in part.  Wright admits to the existence of an email between Brian Nixon and Michael Pearl dated October 17, 2016.  Wright denies all remaining allegations contained in paragraph 10 of the Complaint.

11.     The allegations contained in paragraph 11 of the Complaint are admitted in part and denied in part.  Wright admits that the Plaintiffs provided Colonial with documents from FXS Construction.  Wright further admits that copies of some checks were provided by the Plaintiffs.  Wright denies all remaining allegations contained in paragraph 11 of the Complaint.

12.     The allegations contained in paragraph 12 of the Complaint are admitted in part and denied in part.  Wright admits that HUB Enterprises, Inc. ("HUB") investigated the Plaintiffs' claim and provided a report.  Wright further admits that HUB obtained statements

from Francisco Solorzano and William Clark, III.   Wright denies all remaining allegations contained in paragraph 12 of the Complaint.

13.     The allegations contained in paragraph 13 of the Complaint are admitted in part and denied in part.  Wright admits to the existence of correspondence from William Clark, III, to Wright dated January 6, 2017.  Wright denies all remaining allegations contained in paragraph 13 of the Complaint.

14.     The allegations contained in paragraph 14 of the Complaint are admitted in part and denied in part.  Wright admits that Benjamin Hardy, a General Adjuster with the National Flood Insurance Program inspected the Property and prepared a report, a written document that speaks for itself.  The remaining allegations contained in paragraph 14 of the Complaint are unknown to Wright and are therefore denied.

15.     The allegations contained in paragraph 15 of the Complaint are denied.

16.     The allegations contained in paragraph 16 of the Complaint are denied.

17.     The allegations contained in paragraph 17 of the Complaint are denied.

18.     The allegations contained in paragraph 18 of the Complaint are denied.

19.     The allegations contained in paragraph 19 of the Complaint are admitted in part and denied in part.  Wright admits to the existence of correspondence from William Clark, III, to Wright dated May 15, 2017.  Wright denies all remaining allegations contained in paragraph 19 of the Complaint.

20.     The allegations contained in paragraph 20 of the Complaint are denied.

21.     The allegations contained in paragraph 21 of the Complaint are admitted in part and denied in part.  Wright admits that Colonial, an independent adjuster, as a matter of courtesy only, furnished the Plaintiffs with a Proof of Loss form.  Wright further admits to the existence

of an email from Michael Pearl to Brian Nixon dated May 18, 2017.  Wright denies all remaining allegations contained in paragraph 21 of the Complaint.

22.     The allegations contained in paragraph 22 of the Complaint are denied.

23.     The allegations contained in paragraph 23 of the Complaint are unknown to Wright and are therefore denied.

24.     The allegations contained in paragraph 24 of the Complaint are admitted in part and denied in part.  Wright admits to the existence of an email between William Toms and Michael Pearl dated May 22, 2017.  Wright denies all remaining allegations contained in paragraph 24 of the Complaint.

25.     The allegations contained in paragraph 25 of the Complaint are admitted in part and denied in part.  Wright admits to the existence of emails sent by Michael Pearl to Wright dated May 22 and 25, 2017.  Wright further admits to the existence of an email between William Toms and Michael Pearl dated June 2, 2017.  Wright denies all remaining allegations contained in paragraph 25 of the Complaint.

26.     The allegations contained in paragraph 26 of the Complaint are admitted in part and denied in part.  Wright admits that a Partial Denial of Claim letter, a written document which speaks for itself, was issued on May 26, 2017.  Wright denies all remaining allegations contained in paragraph 26 of the Complaint.

27.     The allegations contained in paragraph 27 of the Complaint are admitted in part and denied in part.  Wright admits that a Partial Denial of Claim letter, a written document which speaks for itself, was issued on May 26, 2017.  Wright denies all remaining allegations contained in paragraph 27 of the Complaint.

28.     The allegations contained in paragraph 28 of the Complaint are admitted in part and denied in part.  Wright admits that a Partial Denial of Claim letter, a written document which speaks for itself, was issued on May 26, 2017.  Wright further admits to the existence of emails between Brian Nixon and Michael Pearl dated July 29, 2016.   Wright denies all remaining allegations contained in paragraph 28 of the Complaint.

29.     The allegations contained in paragraph 29 of the Complaint are denied.  Answering further, Wright affirmatively alleges that Plaintiffs' claims are based upon the handling of a flood loss claim under the SFIP and/or the administration of the Policy and, as such, all other claims are preempted and barred by federal law.  Wright affirmatively alleges that claims under the SFIP are governed exclusively by federal law.

30.     The allegations contained in paragraph 30 of the Complaint are admitted in part and denied in part.  Wright admits that a Partial Denial of Claim letter, a written document which speaks for itself, was issued on May 26, 2017.  Wright denies all remaining allegations contained in paragraph 30 of the Complaint.

31.     The allegations contained in paragraph 31 of the Complaint are admitted in part and denied in part.  Wright admits that a Partial Denial of Claim letter, a written document which speaks for itself, was issued on May 26, 2017.  Wright further admits to the existence of an email between Brian Nixon and Michael Pearl dated October 17, 2016.   Wright admits that the Plaintiffs provided Colonial with documents from FXS Construction.  Wright admits that copies of some checks were provided by the Plaintiffs.   Wright denies all remaining allegations contained in paragraph 31 of the Complaint.

32.     The allegations contained in paragraph 32 of the Complaint are admitted in part and denied in part.  Wright admits that a Partial Denial of Claim letter, a written document which

speaks for itself, was issued on May 26, 2017.  Wright denies all remaining allegations contained in paragraph 32 of the Complaint.

33.     The allegations contained in paragraph 33 of the Complaint are admitted in part and denied in part.  Wright admits that a Partial Denial of Claim letter, a written document which speaks for itself, was issued on May 26, 2017.  Wright denies all remaining allegations contained in paragraph 33 of the Complaint.

34.     The allegations contained in paragraph 34 of the Complaint are admitted in part and denied in part.  Wright admits that HUB requested copies bank statements from William Clark, III.  Wright denies all remaining allegations contained in paragraph 34 of the Complaint.

35.     The allegations contained in paragraph 35 of the Complaint are admitted in part and denied in part.  Wright admits that a Partial Denial of Claim letter, a written document which speaks for itself, was issued on May 26, 2017.  Wright denies all remaining allegations contained in paragraph 35 of the Complaint.

36.     The allegations contained in paragraph 36 of the Complaint are admitted in part and denied in part.  Wright admits that a Partial Denial of Claim letter, a written document which speaks for itself, was issued on May 26, 2017.  Wright denies all remaining allegations contained in paragraph 36 of the Complaint.

37.     The allegations contained in paragraph 37 of the Complaint are admitted in part and denied in part.  Wright admits that a Partial Denial of Claim letter, a written document which speaks for itself, was issued on May 26, 2017.  Wright denies all remaining allegations contained in paragraph 37 of the Complaint.

38.     The allegations contained in paragraph 38 of the Complaint are admitted in part and denied in part.  Wright admits that a Partial Denial of Claim letter, a written document which

speaks for itself, was issued on May 26, 2017.  Wright denies all remaining allegations contained in paragraph 38 of the Complaint.

39.     The allegations contained in paragraph 39 of the Complaint are denied.

40.     The allegations contained in paragraph 40 of the Complaint are denied.

41.     The allegations contained in paragraph 41 of the Complaint are denied.

42.     The allegations contained in paragraph 42 of the Complaint are denied.

43.     The allegations contained in paragraph 43 of the Complaint are denied.  Wright affirmatively alleges that the SFIP, as a written document and codified federal law, is the best evidence of its terms, coverages, conditions, limitations and exclusions, and is referenced as if copied *in extenso* herein.

44.     The allegations contained in paragraph 44 of the Complaint are denied.

45.     The allegations contained in paragraph 45 of the Complaint are denied.  Wright affirmatively alleges that the SFIP, as a written document and codified federal law, is the best evidence of its terms, coverages, conditions, limitations and exclusions, and is referenced as if copied *in extenso* herein.

46.     The allegations contained in paragraph 46 of the Complaint are denied.

47.     The allegations contained in paragraph 47 of the Complaint are unknown to Wright and are therefore denied.

48.     The allegations contained in paragraph 48 of the Complaint are denied.

49.     The allegations contained in paragraph 49 of the Complaint are admitted in part and denied in part.  Wright admits that a Partial Denial of Claim letter, a written document which speaks for itself, was issued on May 26, 2017.  Wright further admits to the existence of an email

between William Toms and Michael Pearl dated June 2, 2017.  Wright denies all remaining allegations contained in paragraph 49 of the Complaint.

50.     The allegations contained in paragraph 50 of the Complaint are admitted in part and denied in part.  Wright admits to the existence of emails between William Toms and Michael Pearl dated June 6, 2017.  Wright denies all remaining allegations contained in paragraph 50 of the Complaint.

51.     The allegations contained in paragraph 51 of the Complaint are admitted in part and denied in part.  Wright admits to the existence of emails between William Toms and Michael Pearl dated June 6, 2017.  Wright denies all remaining allegations contained in paragraph 51 of the Complaint.

52.     The allegations contained in paragraph 52 of the Complaint are admitted in part and denied in part.  Wright admits to the existence of emails between William Toms and Michael Pearl dated June 6, 2017.  Wright denies all remaining allegations contained in paragraph 52 of the Complaint.

53.     The allegations contained in paragraph 53 of the Complaint are admitted in part and denied in part.  Wright admits to the existence of emails between William Toms and Michael Pearl dated June 6, 2017.  Wright denies all remaining allegations contained in paragraph 53 of the Complaint.

54.     The allegations contained in paragraph 54 of the Complaint are admitted in part and denied in part.  Wright admits to the existence of emails between William Toms and Michael Pearl dated June 8, 2017.  Wright denies all remaining allegations contained in paragraph 54 of the Complaint.

55.     The allegations contained in paragraph 55 of the Complaint are denied.

56.     The allegations contained in paragraph 56 of the Complaint are denied.

57.     The allegations contained in paragraph 57 of the Complaint are denied.

58.     The allegations contained in paragraph 58 of the Complaint are denied.

59.     The allegations contained in paragraph 59 of the Complaint are denied.

60.     The allegations contained in paragraph 60 of the Complaint are denied.

61.     The allegations contained in paragraph 61 of the Complaint are denied.  Wright affirmatively alleges that the SFIP, as a written document and codified federal law, is the best evidence of its terms, coverages, conditions, limitations and exclusions, and is referenced as if copied *in extenso* herein.

62.     The allegations contained in paragraph 62 of the Complaint are denied.  Wright affirmatively alleges that the SFIP, as a written document and codified federal law, is the best evidence of its terms, coverages, conditions, limitations and exclusions, and is referenced as if copied *in extenso* herein.

63.     The allegations contained in paragraph 63 of the Complaint are denied.  Wright affirmatively alleges that the SFIP, as a written document and codified federal law, is the best evidence of its terms, coverages, conditions, limitations and exclusions, and is referenced as if copied *in extenso* herein.

64.     The allegations contained in paragraph 64 of the Complaint are denied.  Wright affirmatively alleges that the SFIP, as a written document and codified federal law, is the best evidence of its terms, coverages, conditions, limitations and exclusions, and is referenced as if copied *in extenso* herein.

65.     The allegations contained in paragraph 65 of the Complaint are denied.  Wright affirmatively alleges that the SFIP, as a written document and codified federal law, is the best

evidence of its terms, coverages, conditions, limitations and exclusions, and is referenced as if copied *in extenso* herein.

66.     The allegations contained in paragraph 66 of the Complaint are admitted in part and denied in part.  Wright admits to the existence of the NFIP Adjuster Claims Manual.  Wright denies all remaining allegations contained in paragraph 66 of the Complaint.   Wright affirmatively alleges that the SFIP, as a written document and codified federal law, is the best evidence of its terms, coverages, conditions, limitations and exclusions, and is referenced as if copied *in extenso* herein.

67.     The allegations contained in paragraph 67 of the Complaint are denied.  Wright affirmatively alleges that the SFIP, as a written document and codified federal law, is the best evidence of its terms, coverages, conditions, limitations and exclusions, and is referenced as if copied *in extenso* herein.

68.     The allegations contained in paragraph 68 of the Complaint are denied.  Wright affirmatively alleges that the SFIP, as a written document and codified federal law, is the best evidence of its terms, coverages, conditions, limitations and exclusions, and is referenced as if copied *in extenso* herein.

69.     The allegations contained in paragraph 69 of the Complaint are denied.  Wright affirmatively alleges that the SFIP, as a written document and codified federal law, is the best evidence of its terms, coverages, conditions, limitations and exclusions, and is referenced as if copied *in extenso* herein.

70.     The allegations contained in paragraph 70 of the Complaint are admitted in part and denied in part.  Wright admits that the SFIP provides definitions for the terms "dwelling" and "building."   Wright denies all remaining allegations contained in paragraph 70 of the

Complaint.  Wright affirmatively alleges that the SFIP, as a written document and codified federal law, is the best evidence of its terms, coverages, conditions, limitations and exclusions, and is referenced as if copied *in extenso* herein.

71.     The allegations contained in paragraph 71 of the Complaint are admitted in part and denied in part.  Wright admits that the garage is a building.  Wright further admits to the existence of the NFIP Adjuster Claims Manual.  Wright denies all remaining allegations contained in paragraph 71 of the Complaint.

72.     The allegations contained in paragraph 72 of the Complaint are denied.  Wright affirmatively alleges that the SFIP, as a written document and codified federal law, is the best evidence of its terms, coverages, conditions, limitations and exclusions, and is referenced as if copied *in extenso* herein.

73.     The allegations contained in paragraph 73 of the Complaint are denied.  Wright affirmatively alleges that the SFIP, as a written document and codified federal law, is the best evidence of its terms, coverages, conditions, limitations and exclusions, and is referenced as if copied *in extenso* herein.

74.     The allegations contained in paragraph 74 of the Complaint are denied.  Wright affirmatively alleges that the SFIP, as a written document and codified federal law, is the best evidence of its terms, coverages, conditions, limitations and exclusions, and is referenced as if copied *in extenso* herein.

75.     The allegations contained in paragraph 75 of the Complaint are denied.  Wright affirmatively alleges that the SFIP, as a written document and codified federal law, is the best evidence of its terms, coverages, conditions, limitations and exclusions, and is referenced as if copied *in extenso* herein.

76.     The allegations contained in paragraph 76 of the Complaint are denied.  Wright affirmatively alleges that the SFIP, as a written document and codified federal law, is the best evidence of its terms, coverages, conditions, limitations and exclusions, and is referenced as if copied *in extenso* herein.

77.     The allegations contained in paragraph 77 of the Complaint are denied.  Wright affirmatively alleges that the SFIP, as a written document and codified federal law, is the best evidence of its terms, coverages, conditions, limitations and exclusions, and is referenced as if copied *in extenso* herein.

78.     The allegations contained in paragraph 78 of the Complaint are denied.  Wright affirmatively alleges that the SFIP, as a written document and codified federal law, is the best evidence of its terms, coverages, conditions, limitations and exclusions, and is referenced as if copied *in extenso* herein.

79.     The allegations contained in paragraph 79 of the Complaint are admitted in part and denied in part.  Wright admits that William Clark, III, filed an appeal with FEMA regarding the March 2016 Flood.  Wright further admits to the existence of 44 C.F.R. § 62.20(f)(3), a written regulation that speaks for itself.  The remaining allegations contained in paragraph 79 of the Complaint are unknown to Wright and are therefore denied.

80.     The allegations contained in paragraph 80 of the Complaint are admitted in part and denied in part.  Wright admits that Colonial, an independent adjuster, as a matter of courtesy only, furnished the Plaintiffs with an estimate for Coverage A (Building) damages in the amount of $50,514.33 (before accounting for depreciation or the deductible) and for Coverage B (Contents) damages in the amount of $37,011.30 (before accounting for depreciation or the deductible).  Wright denies all remaining allegations contained in paragraph 80 of the Complaint.

81.     The allegations contained in paragraph 81 of the Complaint are admitted in part and denied in part.  Wright admits that a Reaffirmation—Partial Denial of Claim letter, a written document which speaks for itself, was issued on August 7, 2017.  Wright denies all remaining allegations contained in paragraph 81 of the Complaint.

82.     The allegations contained in paragraph 82 of the Complaint are denied.

83.     The allegations contained in paragraph 83 of the Complaint are unknown to Wright and are therefore denied.

84.     The allegations contained in paragraph 84 of the Complaint are admitted in part and denied in part.  Wright admits that Proofs of Loss dated January 19, 2018 were provided to Wright.  Wright denies all remaining allegations contained in paragraph 84 of the Complaint.

85.     The allegations contained in paragraph 85 of the Complaint are admitted in part and denied in part.  Wright admits that it issued payments totaling $40,514.33 under Coverage A (Building) and $19,195.13 under Coverage B (Contents) to William Clark, III.  Wright denies all remaining allegations contained in paragraph 85 of the Complaint.

86.     The allegations contained in paragraph 86 of the Complaint are denied.

87.     The allegations contained in paragraph 87 of the Complaint are denied.

88.     The allegations contained in paragraph 88 of the Complaint are denied.

89.     The allegations contained in paragraph 89 of the Complaint are denied.

90.     The allegations contained in paragraph 90 of the Complaint are admitted in part and denied in part.  Wright admits to the existence of the NFIP Adjuster Claims Manual.  Wright denies all remaining allegations contained in paragraph 90 of the Complaint.

91.     The allegations contained in paragraph 91 of the Complaint are admitted in part and denied in part.  Wright admits to the existence of the NFIP Adjuster Claims Manual.  Wright denies all remaining allegations contained in paragraph 91 of the Complaint.

92.     The allegations contained in paragraph 92 of the Complaint are denied.

93.     The allegations contained in paragraph 93 of the Complaint are admitted in part and denied in part.  Wright admits to the existence of the NFIP Adjuster Claims Manual and to the existence of correspondence from William Clark, III, to Wright dated January 6, 2017.  Wright denies all remaining allegations contained in paragraph 93 of the Complaint.

94.     The allegations contained in paragraph 94 of the Complaint are denied.

95.     The allegations contained in paragraph 95 of the Complaint are denied.

96.     The allegations contained in paragraph 96 of the Complaint are denied.

97.     The allegations contained in paragraph 97 of the Complaint are denied.

98.     The allegations contained in paragraph 98 of the Complaint are denied.

99.     The allegations contained in paragraph 99 of the Complaint are denied.

100.     The allegations contained in paragraph 100 of the Complaint are denied.  Answering further, Wright affirmatively alleges that Plaintiffs' claims are based upon the handling of a flood loss claim under the SFIP and/or the administration of the Policy and, as such, all other claims are preempted and barred by federal law.  Wright affirmatively alleges that claims under the SFIP are governed exclusively by federal law.

FACTS RELATING TO SECOND FLOOD

101.     The allegations contained in paragraph 101 of the Complaint are admitted in part and denied in part.  Wright admits that the Property sustained damage as a result of flooding that

occurred on or about August 12, 2016 ("August 2016 Flood").   Wright denies all remaining allegations contained in paragraph 101 of the Complaint.

102.     The allegations contained in paragraph 102 of the Complaint are admitted in part and denied in part.   Wright admits that it was notified of the August 2016 Flood on or about August 17, 2016 and that claim number 16-0005234 was assigned to the claim.   Wright admits that an independent adjuster with Colonial was assigned, as a matter of courtesy only, to inspect the Property.   Wright admits that the independent adjuster took photographs of the Property. Wright denies all remaining allegations contained in paragraph 102 of the Complaint.

103.     The allegations contained in paragraph 103 of the Complaint are admitted in part and denied in part.   Wright admits to the existence of a document prepared by the Church Organ Group.  Wright denies all remaining allegations contained in paragraph 103 of the Complaint.

104.     The allegations contained in paragraph 104 of the Complaint are unknown to Wright and are therefore denied.

105.     The allegations contained in paragraph 105 of the Complaint are unknown to Wright and are therefore denied.

106.     The allegations contained in paragraph 106 of the Complaint are unknown to Wright and are therefore denied.

107.     The allegations contained in paragraph 107 of the Complaint are admitted in part and denied in part.   Wright admits that Colonial, an independent adjuster, as a matter of courtesy only, furnished the Plaintiffs with a Proof of Loss form, a written document that speaks for itself. The remaining allegations contained in paragraph 107 of the Complaint are unknown to Wright and are therefore denied.

108.     The allegations contained in paragraph 108 of the Complaint are denied.

109.    The allegations contained in paragraph 109 of the Complaint are admitted in part and denied in part.  Wright admits that the air conditioning units were not included in payments for the March 2016 loss.  Wright denies all remaining allegations contained in paragraph 109 of the Complaint.

110.    The allegations contained in paragraph 110 of the Complaint are unknown to Wright and are therefore denied.

111.    The allegations contained in paragraph 111 of the Complaint are denied.

112.    The allegations contained in paragraph 112 of the Complaint are unknown to Wright and are therefore denied.

113.    The allegations contained in paragraph 113 of the Complaint are admitted in part and denied in part.  Wright admits that the air conditioning units were not included in payments for the March 2016 loss.  Wright denies all remaining allegations contained in paragraph 113 of the Complaint.

114.    The allegations contained in paragraph 114 of the Complaint are unknown to Wright and are therefore denied.

115.    The allegations contained in paragraph 115 of the Complaint are unknown to Wright and are therefore denied.

116.    The allegations contained in paragraph 116 of the Complaint are unknown to Wright and are therefore denied.

117.    The allegations contained in paragraph 117 of the Complaint are admitted in part and denied in part.  Wright admits that Hank Harrison inspected the organ and piano on July 17, 2017 and issued a report, a written document that speaks for itself.  Wright denies all remaining allegations contained in paragraph 117 of the Complaint.

118.     The allegations contained in paragraph 118 of the Complaint are admitted in part and denied in part.  Wright admits that Colonial, an independent adjuster, as a matter of courtesy only, furnished the Plaintiffs with a Proof of Loss form, a written document that speaks for itself. Wright denies all remaining allegations contained in paragraph 118 of the Complaint.

119.     The allegations contained in paragraph 119 of the Complaint are admitted in part and denied in part.  Wright admits that Colonial, an independent adjuster, as a matter of courtesy only, furnished the Plaintiffs with a Proof of Loss form, a written document that speaks for itself. Wright denies all remaining allegations contained in paragraph 119 of the Complaint.

120.     The allegations contained in paragraph 120 of the Complaint are admitted in part and denied in part.  Wright admits that Colonial, an independent adjuster, as a matter of courtesy only, furnished the Plaintiffs with a Proof of Loss form and estimates.   Wright denies all remaining allegations contained in paragraph 120 of the Complaint.

121.     The allegations contained in paragraph 121 of the Complaint are admitted in part and denied in part.  Wright admits that Colonial, an independent adjuster, as a matter of courtesy only, furnished the Plaintiffs with a Proof of Loss form and estimates, written documents that speak for themselves.  Wright denies all remaining allegations contained in paragraph 121 of the Complaint.  Wright affirmatively alleges that the SFIP, as a written document and codified federal law, is the best evidence of its terms, coverages, conditions, limitations and exclusions, and is referenced as if copied *in extenso* herein.

122.     The allegations contained in paragraph 122 of the Complaint are admitted in part and denied in part.  Wright admits that Colonial, an independent adjuster, as a matter of courtesy only, furnished the Plaintiffs with a Proof of Loss form and estimates, written documents that

speak for themselves.  Wright denies all remaining allegations contained in paragraph 122 of the Complaint.

123.     The allegations contained in paragraph 123 of the Complaint are unknown to Wright and are therefore denied.

124.     The allegations contained in paragraph 124 of the Complaint are admitted in part and denied in part.  Wright admits that Colonial, an independent adjuster, as a matter of courtesy only, furnished the Plaintiffs with a Proof of Loss form, a written document that speaks for itself.  Wright denies all remaining allegations contained in paragraph 124 of the Complaint.

125.     The allegations contained in paragraph 125 of the Complaint are admitted in part and denied in part.  Wright admits that Colonial, an independent adjuster, as a matter of courtesy only, furnished the Plaintiffs with a Proof of Loss form, a written document that speaks for itself.  The remaining allegations contained in paragraph 125 of the Complaint are unknown to Wright and are therefore denied.

126.     The allegations contained in paragraph 126 of the Complaint are unknown to Wright and are therefore denied.

127.     The allegations contained in paragraph 127 of the Complaint are denied.

128.     The allegations contained in paragraph 128 of the Complaint are unknown to Wright and are therefore denied.

129.     The allegations contained in paragraph 129 of the Complaint are unknown to Wright and are therefore denied.

130.     The allegations contained in paragraph 130 of the Complaint are admitted in part and denied in part.  Wright admits that Hank Harrison inspected the organ and piano on July 17,

2017 and issued a report, a written document that speaks for itself.  Wright denies all remaining allegations contained in paragraph 130 of the Complaint.

131.    The allegations contained in paragraph 131 of the Complaint are unknown to Wright and are therefore denied.

132.    The allegations contained in paragraph 132 of the Complaint are unknown to Wright and are therefore denied.

133.    The allegations contained in paragraph 133 of the Complaint are denied.

134.    The allegations contained in paragraph 134 of the Complaint are unknown to Wright and are therefore denied.

135.    The allegations contained in paragraph 135 of the Complaint are unknown to Wright and are therefore denied.

136.    The allegations contained in paragraph 136 of the Complaint are denied.

137.    The allegations contained in paragraph 137 of the Complaint are admitted in part and denied in part.  Wright admits to the existence of an email sent by Michael Pearl to Alan Nunnelley and Michael Giovanniello dated February 7, 2018.  Wright further admits that a Proof of Loss dated February 7, 2018 was provided to Wright.  Wright denies all remaining allegations contained in paragraph 137 of the Complaint.

138.     The allegations contained in paragraph 138 of the Complaint are unknown to Wright and are therefore denied.

139.     The allegations contained in paragraph 139 of the Complaint are unknown to Wright and are therefore denied.

140.    The allegations contained in paragraph 140 of the Complaint are denied.

141.     The allegations contained in paragraph 141 of the Complaint are denied.  Wright affirmatively alleges that Plaintiffs' claims are based upon the handling of the flood loss claim under the SFIP and/or the administration of the Policy and, as such, all other claims are preempted and barred by federal law.  Answering further, Wright affirmatively alleges that claims under the SFIP are governed exclusively by federal law.

COUNT ONE: BREACH OF CONTRACT

142.     The allegations contained in paragraph 142 of the Complaint are denied.

143.     The allegations contained in the WHEREFORE paragraph of the Complaint are denied.

**AFFIRMATIVE DEFENSES**

Wright asserts the following affirmative defenses to this action:

1.     NO BREACH, CAUSATION OR DAMAGES.  There was no breach of any duty owed by Wright to the Plaintiffs, and there was no causation and no damage attributable to any act, alleged error, or alleged omission by Wright in this case.

2.     THE INSURANCE AGREEMENT.  The responsibilities of Wright as WYO Program carrier to the Plaintiffs, and vice versa, are provided in the insuring agreement of the SFIP.  *See* 44 C.F.R. pt. 61, app. A(1) at "Agreement."  Pursuant to that regulation/contract, the Plaintiffs have no cause to complain of the strictures of the NFIP, for he agreed to be bound by all program rules as a condition of the policy of flood insurance purchased.

3.     KNOWLEDGE OF FEDERAL LAW AND SFIP PROVISIONS.  As a matter of federal law, the Plaintiffs are charged with knowledge of the terms and conditions of the SFIP and the requirements under the NFIP.  Furthermore, the Plaintiffs are responsible for reading the

SFIP, as well as any renewal notices, and are presumed to know the provisions of the policy, including the limits of liability, coverages and exclusions.

4.     ROLE OF ADJUSTER.   The insurance adjuster is provided as a courtesy only and he or she may provide the Plaintiffs with a proof of loss form and may assist the Plaintiffs in completing it.   However, it is the duty of the Plaintiffs to comply with the proof of loss requirement even if the adjuster does not provide the form or help in completing it.   Further, the insurance adjuster is not authorized to approve or disapprove claims or to counsel the Plaintiffs on whether the WYO carrier will approve the Plaintiffs' claim.

5.     STRICT CONSTRUCTION AND INTERPRETATION.   Wright pleads as an affirmative defense that, because all flood claims are paid directly with federal funds, strict construction of the SFIP and interpretation of the Federal Regulations is required.

6.     CONDITIONS PRECEDENT.   Wright pleads as an affirmative defense that the SFIP expressly conditions the right to sue for further benefits under the policy upon the prior compliance with "all the requirements of the policy."   In order to obtain the federal benefits that the Plaintiffs are seeking under the policy, the Plaintiffs have the burden of proof to establish the pre-suit full, complete, truthful and detailed compliance with "all" requirements of the SFIP, including but not limited to the notice of loss, separation of property, documentation, cooperation, signed and sworn proof of loss, and other requirements.   *See* 44 C.F.R. pt. 61, app. A(1), art. VII(J).

7.     PROOF OF LOSS REQUIREMENT.   The Plaintiffs failed to submit a timely and proper Proof of Loss in support of any claim for additional federal funds as per the requirements of Articles VII(J) and VII(R) of the SFIP, and therefore the Plaintiffs' claim for additional funds is barred.

- 22 -

8.   DOCUMENTATION REQUIREMENT.   The Plaintiffs failed to provide sufficient documentation, including proof of repairs, in support of any further amounts claimed as required by Articles VII(J)(3), VII(J)(4)(f) and VII(V) of the SFIP, failed to submit sufficient documentation in conjunction with a Proof of Loss to support any claim for additional funds and failed to provide a complete inventory of the lost, damaged or destroyed property pursuant to Articles VII(J)(4)(i) and VII(K) of the SFIP, and therefore the Plaintiffs' claim for additional funds is barred.

9.   TERMS AND CONDITIONS OF INSURABILITY.   Pursuant to 42 U.S.C. § 4013, the "terms and conditions of insurability" for the SFIP at issue, itself a federal regulation found at 44 C.F.R. Part 61, Appendix A(1), are established by FEMA, not Wright.   As the federal government is the ultimate underwriter of the NFIP, federal (not state) law governs.   *See* Article IX of the SFIP.

10.   WAIVERS.   The Federal Government has reserved unto itself the exclusive authority to waive program requirements.   *See* 44 C.F.R. §§ 61.13(d) and 62.23(k), and SFIP Article VII(D), which are incorporated by reference as though set forth at length herein.   Wright affirmatively pleads that it cannot legally waive program requirements; instead, it is required by the Constitution and judicial precedent to strictly construe and enforce all of FEMA's requirements for NFIP claims disputes.

11.   LIMITED SCOPE OF COVERAGE.   Wright affirmatively asserts that the scope of the Plaintiffs' recovery, if any, is limited to what is available under the specific terms, conditions and exclusions of the SFIP.   44 C.F.R. pt. 61, app. A(1).

12.     PRIOR FLOOD DAMAGE.   Pursuant to Article VII(K)(2)(e) of the SFIP, if requested, the Plaintiffs must furnish Wright with evidence that prior flood damages have been repaired.  Plaintiffs may have failed to provide such evidence to Wright.

13.     MITIGATION.   If any of the Plaintiffs' damages are a result of a failure by the Plaintiffs to take reasonable steps to mitigate the loss, those damages are not recoverable.

14.     SPECIAL LIMITS.   Wright affirmatively asserts that contents coverage for items of personal property, including, but not limited to, artwork, photographs, collectibles or memorabilia, or personal property used in any business, pursuant to Article III(B)(6) of the SFIP is limited to $2,500.00 for one loss to one or more such items of personal property.

15.     NOT A VALUED POLICY.   Wright pleads as an affirmative defense SFIP Article II(B)(28) or the definition of Valued Policy, which is defined as, "[a] policy in which the insured and the insurer agree on the value of the property insured, that value being payable in the event of a total loss," and states, "The Standard Flood Insurance Policy is not a valued policy."

16.     PREEMPTION.   All state law based extra-contractual and tort claims, including but not limited to claims of bad faith, arising out of the handling of the flood loss claim under the Policy and/or the administration of the Policy are preempted and barred by federal law.

17.     NO WAIVER OR ESTOPPEL.   There can be no waiver and estoppel against the WYO Program carrier relating to the NFIP.

18.     CONSEQUENTIAL DAMAGES.   Wright avers as an affirmative defense that Article V of the Plaintiffs' SFIP specifically excludes recovery for code upgrades, code compliance costs, and additional living expenses.  Further, since the SFIP only covers items that were damaged by or from flood, any recovery sought for damages that are consequential in nature are not covered.

19.     <u>DENIAL OF REMAINING ALLEGATIONS.</u>   Wright affirmatively pleads, without waiving any other defenses elsewhere asserted herein, that all allegations contained in the Plaintiffs' Complaint that have not been specifically admitted are hereby denied.

20.     <u>RESERVATION OF RIGHTS.</u>  To the extent permitted by law, Wright reserves the right to supplement and amend this answer and to assert additional affirmative defenses as future discovery may warrant and require.

WHEREFORE Wright National Flood Insurance Company prays that this Answer and Affirmative Defenses be deemed good and sufficient, and all claims of the Plaintiffs will be dismissed with prejudice, and all costs and expenses will be taxed to the Plaintiffs.

Dated: July 17, 2018                    By:     *Counsel for Defendant,*
                                                *Wright National Flood Insurance Company*

                                                */s/ Tessa Vorhaben*
                                                Tessa Vorhaben (La. Bar #31293)
                                                BAKER DONELSON BEARMAN
                                                CALDWELL & BERKOWITZ, PC
                                                201 St. Charles Avenue, Suite 3600
                                                New Orleans, LA 70170
                                                Telephone:  (504) 566-8660
                                                Facsimile:  (504) 585-6960
                                                Email:  tvorhaben@bakerdonelson.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2018, a copy of the foregoing pleading was filed with the Clerk of Court by using CM/ECF system, which will send a notice of electronic filing to all participating counsel of record. A copy of the foregoing pleading was also served upon the following Plaintiffs by United States mail:

William T. Clark, III
13 Park Lane
Folsom, LA  70437

Michael S. Pearl
13 Park Lane
Folsom, LA  70437

_/s/ Tessa Vorhaben_____
TESSA VORHABEN