UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM T. CLARK, III, ET AL. | CIVIL ACTION |
| VERSUS | NO. 18-4852 |
| WRIGHT NATIONAL FLOOD INSURANCE COMPANY | SECTION "R" (3) |

## ORDER AND REASONS

Before the Court is plaintiffs William Clark's and Michael Pearl's motion for summary judgment.[1] Because plaintiffs did not comply with the requirements of their insurance policy, they are not entitled to summary judgment on their claim against defendant Wright National Flood Insurance Company.

## I. BACKGROUND

This action arises out of an insurance dispute over property damage caused by two floods in Louisiana during the summer of 2016. Plaintiffs William Clark and Michael Pearl allege property damage to their home after a flood in March 2016 and a second flood in August 2016.[2] At the time of the flooding, plaintiffs' home was insured through a standard flood insurance

---

1 R. Doc. 9-2 at 1 ¶ 1; R. Doc. 14-3 at 1-2 ¶ 1.
2 *Id*.

policy (SFIP) provided by defendant Wright, which participates in the National Flood Insurance Program.[3] Plaintiffs timely reported their losses to Wright, and Wright assigned a claims corporation to inspect the loss and assist plaintiffs in presenting their claim.[4] The claims corporation sent an insurance adjuster, Alan Nunnelley, to inspect the property and prepare damage estimates and a proof of loss.[5] After his inspection, Nunnelley sent plaintiffs a proof of loss estimating $0 for building damages and $89,643.39 for property contents losses after the application of the policy deductible.[6] Plaintiffs disputed Nunnelley's proof of loss and decided to submit their own.[7] Plaintiffs submitted their proof of loss to Wright on December 7, 2016.[8] Wright did not respond.[9] Nunnelley then created a final proof of loss on September 5, 2017 that reflected a net loss of $63,663.82.[10] Using Nunnelley's final proof of loss, plaintiffs attempted to file separate claims for the disputed and undisputed portions of their losses, as they had done for an earlier flood that occurred in March 2016.[11] Plaintiffs filed a proof of loss for

---

3 R. Doc. 9-2 at 2 ¶ 2; R. Doc. 14-3 at 2-3 ¶ 2.
4 R. Doc. 9-2 at 2 ¶ 3; R. Doc. 14-3 at 3 ¶¶ 3-4.
5 *Id.*
6 R. Doc. 9-2 at 4 ¶ 8; R. Doc. 14-3 at 4-5 ¶ 8.
7 R. Doc. 9-2 at 4 ¶ 9; R. Doc. 14-3 at 5 ¶ 9.
8 R. Doc. 9-2 at 4-5 ¶¶ 10-11; R. Doc. 14-3 at 5-6 ¶¶ 10-11.
9 *Id.*
10 R. Doc. 9-2 at 6 ¶ 13; R. Doc. 14-3 at 7 ¶ 13.
11 R. Doc. 9-2 at 6-7 ¶¶ 15-17; R. Doc. 14-3 at 7-9 ¶¶ 15-17.

only the undisputed items—requesting $63,663.82 based on Nunnelley's proof of loss—on February 7, 2018.[12] Like their original proof of loss, Wright did not respond to plaintiffs' February proof of loss.[13]

On May 14, 2018, plaintiffs filed this action against Wright, claiming breach of contract.[14] Plaintiff then filed a motion for summary judgment for the allegedly undisputed losses.[15] Wright opposes the motion.[16]

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the

---

12 R. Doc. 9-2 at 7 ¶ 17; R. Doc. 14-3 at 8-9 ¶ 17.
13 R. Doc. 9-2 at 9 ¶ 22; R. Doc. 14-3 at 10 ¶ 22.
14 R. Doc. 1 at 61 ¶ 142.
15 R. Doc. 9.
16 R. Doc. 14.

nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Little*, 37 F.3d at 1075. A dispute about a material fact is genuine "if the evidence is such that a reasonable [factfinder] could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*,

477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g.*, *id.*; *Little*, 37 F.3d at 1075 ("Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (quoting *Celotex*, 477 U.S. at 322).

## III. DISCUSSION

Plaintiffs seek payment of the $63,663.82 listed as the net loss in Nunnelley's September 5, 2017 final proof of loss.[17] But neither proof of loss they submitted to Wright satisfied the requirements of the SFIP. The December 2016 proof of loss did not specify the amount that plaintiffs claimed under the policy, and the February 2018 proof of loss was untimely.

Wright issued the plaintiffs' flood policy as part of the National Flood Insurance Program (NFIP). Congress created the NFIP in 1968 to provide affordable flood insurance to flood prone areas. *See Gowland v. Aetna*, 143

---

17 R. Doc. 9 at 3.

F.3d 951, 953 (5th Cir. 1998). FEMA operates the program and issues policies directly or through private insurers, such as Wright, known as "Write Your Own" companies. *Id.* Whether FEMA or a "Write Your Own" company issues a policy, claims are paid directly from the federal treasury. *Id.*

Policies are issued in the form of a SFIP, and no provision of the policy can be altered, varied, or waived without the express written consent of the Federal Insurance Administrator. *Id.*; 44 C.F.R. §§ 61.4(b), 61.13(d). Since pay-outs implicate the federal treasury, provisions of the SFIP must be strictly enforced and construed. *Gowland*, 143 F.3d at 954; *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 386-87 (5th Cir. 2005).

"A NFIP participant cannot file a lawsuit seeking further federal benefits under the SFIP unless the participant can show prior compliance with all policy requirements." *Richardson v. Am. Bankers Ins. Co. of Fla.*, 279 F. App'x 295, 298 (5th Cir. 2008) (citing 44 C.F.R. pt. 61, app. A(1) art. VII(R)). In case of a flood loss to insured property, the insured must satisfy several requirements before bringing a lawsuit. *See* 44 C.F.R. pt. 61, app. A(1) art. VII(J). Foremost, the insured must provide a complete, sworn Proof of Loss (POL) within 60 days after the loss, "or within any extension authorized by FEMA." *Forman v. FEMA*, 138 F.3d 543, 545 (5th Cir. 1998).

In this case, an extension was granted, and plaintiffs' deadline for filing their proof of loss was December 31, 2017.[18]

In addition, the proof of loss must include documents supporting the claimed amount, including "[s]pecifications of damaged buildings and detailed repair estimates," as well as "inventory of damaged property showing the quantity, description, actual cash value, and the amount of loss." 44 C.F.R. pt. 61, app. A(1) art. VII(J). These are strict requirements. *Forman*, 138 F.3d at 546; *Richardson*, 279 F. App'x at 298. Thus, an insured's failure to provide a complete, sworn proof of loss statement with supporting documentation "relieves the federal insurer's obligation to pay what otherwise might have been a valid claim." *Gowland*, 143 F.3d at 954; *see also Marseilles Homeowners Condo. Ass'n, Inc. v. Fid. Nat. Ins. Co.*, 542 F.3d 1053, 1055 (5th Cir. 2008) (filing a complete proof of loss is a "condition precedent" to bringing suit for proceeds under a SFIP); *Wells v. Fidelity Nat. Ins. Co.*, No. 06-5381, 2008 WL 2781539, at *4 (E.D. La. July 14, 2008) ("Plaintiff's failure to file [supporting] documentation prior to filing suit is fatal to her claim.").

Plaintiffs were provided with a copy of the SFIP, which requires them to send a proof of loss or a "statement of the amount [they] are claiming

---

18 R. Doc. 14-3 at 4 ¶ 5.

under the policy signed and sworn to by [them]."[19] 44 C.F.R. pt. 61, app. A(1) art. VII(J). Plaintiffs' December 2016 proof of loss states:

> Enclosed is an invoice from the contractor for repairs that were done; subtracting the $650.00 charged for building a platform, the flood-related part of that invoice actually totals $32,310.00. Also enclosed is the adjuster's list of contents losses from this flood.

Under Fifth Circuit law, stating the amount of an invoice and attaching an adjuster's list of contents losses does not amount to stating the amount claimed under the policy. *See Cummings v. Fidelity Nat. Indem. Ins. Co.*, 636 F. App'x 221, 224 (5th Cir. 2016) (attaching a four-page list of contents with a replacement cost of $104,390 does not meet the requirements of the SFIP when that number did not appear on the signed proof of loss); *see also DeCosta v. Allstate Ins. Co.*, 730 F.2d 76, (1st Cir. 2013) (insurer need not reimburse losses documented in an adjuster's estimate that was appended to proof of loss when the losses were not included in the amount stated in the proof of loss). Plaintiffs did not seek payment for any portion of the items on the contents list in the proof of loss, nor did they sign and swear to the amount in the attached adjuster's estimate, which would be required under the SFIP to claim those losses. *See DeCosta*, 730 F.3d at 85 (plaintiff "had to sign and swear to the amount in [the adjuster's] estimate," along with other

---

19 R. Doc. 9-4 at 34.

SFIP requirements). The proof of loss does not even claim the $32,310 from the invoice, it merely states that this is the flood-related part of the invoice. Because the December 2016 proof of loss did not meet the requirements of the SFIP, Wright is excused from paying plaintiffs' claim. *Gowland*, 143 F.3d at 954.

Plaintiffs' February 2018 proof of loss also does not comply with the requirements of the SFIP because it was submitted after the December 2017 deadline.[20] 44 C.F.R. pt. 61, app. A(1) art. VII(J). Plaintiffs argue that the February 2018 proof of loss is timely even though it was submitted after the deadline because the claimed losses had already been claimed in the December 2016 proof of loss.[21] But the December 2016 proof of loss did not actually claim any of the losses in Nunnelley's estimate, and even if it had, plaintiffs cite no authority for this supposed exception to the requirement of timely filing the proof of loss. The Fifth Circuit has held that claimants must file a proof of loss that complies with all of the SFIP's provisions for every supplemental claim, even when the original proof of loss referred to an intent to supplement the claim. *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 534 (5th Cir. 2015). That plaintiffs filed an earlier proof of loss regarding the

---

20 R. Doc. 9-7 at 2.

21 R. Doc. 17 at 7-8.

same incident does not automatically render a later proof of loss timely. Wright is therefore excused from paying the amounts claimed in the February 2018 proof of loss.

Because plaintiffs did not comply with the SFIP's proof of loss requirements, they are not entitled to summary judgment.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiffs' motion for summary judgment.

New Orleans, Louisiana, this _23rd_ day of January, 2019.

_____________________
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE