UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WILLIAM T. CLARK, III, ET AL.                    CIVIL ACTION

VERSUS                                           NO. 18-4852

WRIGHT NATIONAL FLOOD                            SECTION "R" (3)
INSURANCE COMPANY

## ORDER AND REASONS

Before the Court is defendant's motion for summary judgment.[1] Because plaintiffs did not comply with the proof of loss requirement applicable to their flood insurance claim, the Court grants the motion and dismisses plaintiffs' claims.

## I.    BACKGROUND

This action arises out of an insurance dispute over property damage caused by two floods—one in March and one in August—in Louisiana during the summer of 2016.[2] During each flood, plaintiffs' home was insured through a standard flood insurance policy (SFIP) provided by defendant

---

[1]    R. Doc. 38.
[2]    R. Doc. 1 at 61 ¶ 142.

Wright National Flood Insurance Company, which participates in the National Flood Insurance Program.[3]

Plaintiffs reported their losses from the March flood to Wright on March 13, 2016.[4] Wright assigned a claims corporation to inspect the loss.[5] The claims corporation sent Brian Nixon to inspect the property on March 17, 2016.[6] On April 27, 2016, plaintiffs submitted a proof of loss (POL) that they prepared without Nixon's involvement.[7] Plaintiffs' April 27, 2016 POL includes the statement, "I hereby declare and attest that the information contained in this letter is true and correct to the best of my knowledge."[8] It does not include the phrase "under penalty of perjury."[9] On May 16, 2017, plaintiffs refused to sign a damage estimate and POL prepared by Nixon.[10] On June 22, 2017, plaintiffs refused to sign a final POL for the March flood prepared by the claims corporation.[11] On January 22, 2018, plaintiffs

---

[3]      R. Doc. 38-2 at 1 ¶ 1; R. Doc. 43-1 at 2 ¶ 1.
[4]      R. Doc. 38-2 at 2 ¶ 5; R. Doc. 43-1 at 2 ¶ 5.
[5]      *Id.*
[6]      R. Doc. 38-2 at 2 ¶ 6; R. Doc. 43-1 at 2 ¶ 6.
[7]      R. Doc. 38-2 at 2 ¶¶ 6-7; R. Doc. 43-1 at 2-3 ¶¶6-7.  The parties dispute whether Nixon prepared estimates of plaintiffs' losses and a proof of loss for their signature before the policy deadline.  This dispute is irrelevant, because plaintiffs chose to submit their own POL and refused to sign any of the proofs of loss prepared by Nixon.
[8]      R. Doc. 36-5 at 2.
[9]      *Id.*
[10]      R. Doc. 38-2 at 3 ¶ 10; R. Doc. 43-1 at 5 ¶ 10.
[11]      R. Doc. 38-2 at 3 ¶ 11; R. Doc. 43-1 at 5-6 ¶ 11.

submitted a proof of loss dated January 19, 2018 for "undisputed building and contents losses for the March flood."[12] The deadline to submit a proof of loss for the March flood was July 11, 2016.[13] On January 29, 2018, Wright tendered payment to plaintiffs in the amount of $40,514.33, which is the amount of building losses, after the policy deductible, for the March flood as calculated in the final proof of loss sent by the claims corporation.[14]

Plaintiffs reported their losses for the August flood on August 17, 2016.[15] Wright assigned their claim to a claims corporation.[16] Alan Nunnelley, on behalf of the claims corporation, inspected plaintiffs' property on August 21, 2016.[17] After his inspection, Nunnelley prepared an estimate of plaintiffs' losses, and he sent plaintiffs a proposed proof of loss on October 25, 2016.[18] Plaintiffs refused to sign the proposed proof of loss.[19] Instead, plaintiffs submitted their own proof of loss on December 7, 2016.[20] On September 5, 2017, Nunnelley sent plaintiffs a final proof of loss, which

---

12      R. Doc. 38-2 at 3 ¶ 13; R. Doc. 43-1 at 6 ¶ 13.
13      R Doc. 38-2 at 3 ¶ 16; R. Doc. 43-1 at 7 ¶ 16.
14      R. Doc. 38-2 at 3 ¶ 14; R. Doc. 43-1 at 6 ¶ 14; R. Doc. 36-13 at 3.
15      R. Doc. 38-2 at 2 ¶ 8; R. Doc. 43-1 at 4 ¶ 8.
16      *Id.*
17      R. Doc. 38-2 at 2-3 ¶ 9; R. Doc. 43-1 at 4 ¶ 9.
18      *Id.*
19      *Id.*
20      *Id.*

plaintiffs did not sign.[21]  On February 7, 2018, plaintiffs filed a proof of loss for only the undisputed items from the August flood.[22]  The deadline to file a claim for the August flood was December 31, 2017.[23]

On May 14, 2018, plaintiffs filed this action against Wright, claiming breach of contract.[24]  Plaintiffs filed three motions for partial summary judgment on allegedly undisputed loss amounts.[25]  On January 23, 2019, the Court denied one of plaintiffs' motions for partial summary judgment on allegedly undisputed amounts from the August flood, because the December 7, 2016 proof of loss did not satisfy the requirements of the SFIP and the February 7, 2018 proof of loss was untimely.[26]  Wright now moves for summary judgment on plaintiffs' claim against it.[27]  Plaintiffs oppose Wright's motion.[28]

---

[21]     R. Doc. 38-2 at 3 ¶ 12; R. Doc. 43-1 at 6 ¶ 12.
[22]     R. Doc. 38-2 at 3 ¶ 15; R. Doc. 43-1 at 7 ¶ 15.
[23]     R. Doc. 38-2 at 4 ¶ 17; R. Doc. 43-1 at 7 ¶ 17.
[24]     R. Doc. 1 at 61 ¶ 142.
[25]     R. Doc. 9; R. Doc. 18; R. Doc. 36.
[26]     R. Doc. 14.
[27]     R. Doc. 38.
[28]     R. Doc. 43.

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Little*, 37 F.3d at 1075. A dispute about a material fact is genuine "if the evidence is such that a reasonable [factfinder] could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went

uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (quoting *Celotex*, 477 U.S. at 322)).

## III. DISCUSSION

Wright argues that it is excused from paying plaintiffs' claims because plaintiffs have not complied with the requirements of the SFIP. Specifically, Wright argues that plaintiffs have not submitted a compliant proof of loss, because the documents that plaintiffs submitted were untimely, or did not state the amount that plaintiffs were claiming under the policy, or were not sworn to by the plaintiffs.

Wright issued plaintiffs' flood policy as part of the National Flood Insurance Program (NFIP). Congress created the NFIP in 1968 to provide affordable flood insurance to flood prone areas. *See Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998). FEMA operates the program and issues policies directly or through private insurers, such as Wright, known as "Write Your Own" companies. *Id.* Whether FEMA or a "Write Your Own" company issues a policy, claims are paid directly from the federal treasury. *Id.* Policies are issued in the form of an SFIP, and no provision of the policy can be altered, varied, or waived without the express written consent of the Federal Insurance Administrator. *Id.*; 44 C.F.R. § 61.13(d). Because pay-outs implicate the federal treasury, provisions of the SFIP must be strictly enforced and construed. *Gowland*, 143 F.3d at 954; *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 387 (5th Cir. 2005). "A NFIP participant cannot file a

lawsuit seeking further federal benefits under the SFIP unless the participant can show prior compliance with all policy requirements." *Richardson v. Am. Bankers Ins. Co. of Fla.*, 279 F. App'x 295, 298 (5th Cir. 2008) (citing 44 C.F.R. § 61, app. A(1) art. VII(R)).

The SFIP requires that claimants submit a POL within 60 days after the loss, "or within any extension authorized by FEMA." *Forman v. FEMA*, 138 F.3d 543, 545 (5th Cir. 1998). In this case, FEMA granted extensions of the 60-day deadlines for those affected by the March and August 2016 floods.[29] Plaintiffs' POL for the March flood was due by July 11, 2016, and their POL for the August flood was due by December 31, 2017.[30] A POL must include a "statement of the amount [that plaintiffs] are claiming under the policy signed and sworn to by [them]."[31] 44 C.F.R. § 61, app. A(1) art. VII(J). An insured's failure to provide a timely and compliant POL statement with supporting documentation "relieves the federal insurer's obligation to pay what otherwise might be a valid claim." *Gowland*, 143 F.3d at 954; *see also Marseilles Homeowners Condo. Ass'n, Inc. v. Fid. Nat. Ins. Co.*, 542 F.3d 1053, 1055 (5th Cir. 2008) (filing a complete POL is a "condition precedent" to bringing suit for proceeds under a SFIP).

---

[29]    R. Doc. 38-3; R. Doc. 38-4.
[30]    *Id.*
[31]    R. Doc. 9-4 at 34.

Plaintiffs submitted four proofs of loss, two for the March flood and two for the August flood. The Court analyzes each POL in turn.

## A. Plaintiffs' April 27, 2016 Proof of Loss for the March Flood

Plaintiffs' April 27, 2016 POL for the March flood did not comply with the requirements of the SFIP because plaintiffs did not swear to the truth of its contents. A POL must be "signed and sworn to" by the claimant. 44 C.F.R. § 61, app. A(1) art. VII(J). Merely submitting an itemized list of losses or estimated losses is not sufficient. *DeCosta v. Allstate Ins. Co.*, 730 F.3d 76, 85 (1st Cir. 2013). The term "sworn" is not defined in the SFIP regulations. Nor has the Fifth Circuit spoken on this issue in the context of the SFIP. The Sixth and Eighth Circuits have held that some words of oath or affirmation must be made to satisfy the requirement. *Evanoff v. Standard Fire Ins. Co.*, 534 F.3d 516, 520-21 (6th Cir. 2006); *Mancini v. Redland Ins. Co.*, 248 F.3d 729, 735 (8th Cir. 2001). A signed set of figures estimating losses is not sufficient, even though false statements to a federal agency could be subject to criminal penalties under 18 U.S.C. § 1001. *Id.*

More generally, courts have defined a sworn statement as "a statement reduced to writing and the truth of which is *sworn* to before someone who is authorized to administer an oath." *Richardson v. Gallagher*, 553 F. App'x 816, 827 (10th Cir. 2014) (quoting *Elder-Keep v. Aksamit*, 460 F.3d 979, 984

(8th Cir. 2006) (emphasis in original)); *Pfeil v. Rogers*, 757 F.2d 850, 859 (7th Cir. 1985).  Thus, a sworn statement must be sworn to in front of a notary.  *Id.*  But 28 U.S.C. § 1746 provides that any matter required to be proven by sworn statement may be proven "with like force and effect" by an unsworn declaration, which must be "in writing of such person which is subscribed by him, as true under penalty of perjury, and dated . . . ."  An unsworn statement under this statute must take "substantially" the following form:

> "I declare . . . under penalty of perjury that the foregoing is true and correct.  Executed on (date)."

28 U.S.C. § 1746.  The Fifth Circuit has interpreted the language of the statute to require two elements: (1) that the statement is "under penalty of perjury"; and (2) that it is verified as "true and correct."  *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988).  By the terms of the statute, 28 U.S.C. § 1746 applies to the requirements of the SFIP.  Indeed, FEMA's standard POL uses the exact language of the declaration given in Section 1746.

Plaintiffs have failed to meet the requirements for sworn statements or for unsworn statements under Section 1746.  To execute a sworn statement correctly, plaintiffs were required to have their POL notarized.  To correctly execute an unsworn statement, plaintiffs had to attest both that the facts

10

contained in the POL were true and correct, and that their statements were made under penalty of perjury. Plaintiffs' POL is not notarized, and it does not include a declaration that the contents of the POL are true under penalty of perjury. The POL states, "I hereby declare and attest that the information contained in this letter is true and correct to the best of my knowledge."[32] The POL therefore does not meet the SFIP's requirement that the statement be "sworn." *See Hagstotz v. Nationwide Mut. Ins. Co.*, No. 17-2491, 2018 WL 5005000 at *4 (D. N.J. Oct. 16, 2018) (holding that a POL must either be notarized or meet the requirements of 28 U.S.C. § 1746 to qualify as "sworn" under the terms of the SFIP).

Plaintiffs argue that their language is sufficient because the word "attest" is synonymous with the word "swear," and because the SFIP does not require plaintiffs to use the phrase "under penalty of perjury."[33] But multiple circuit courts, including the Fifth Circuit, have agreed that 28 U.S.C. § 1746 requires the use of the phrase "under penalty of perjury." *Nissho-Iwai*, 845 F.2d at 1306; *In re World Trade Center Disaster Site Litigation*, 722 F.3d 483, 488 (2d Cir. 2013) ("We hold that 28 U.S.C. § 1746 requires that a certification of the truth of a matter be expressly made under penalty of

---

[32]    R. Doc. 36-5 at 2.
[33]    R. Doc. 43 at 4-5.

11

perjury. Any other result would be contrary to the plain language of the statute . . . ."). The argument that a substantially similar phrase will suffice has been explicitly rejected. The April 27, 2016 POL is therefore invalid, because it does not strictly comply with the requirements of the SFIP.

## B. Plaintiffs' December 7, 2016 Proof of Loss for the August Flood

As the Court has already determined in its order denying plaintiffs' first motion for summary judgment, plaintiffs December 7, 2016 POL did not comply with the requirements of the SFIP because it did not state the amount that plaintiffs' claimed. Plaintiffs' December 2016 POL states:

> Enclosed is an invoice from the contractor for repairs that were done; subtracting the $650.00 charged for building a platform, the flood-related part of that invoice actually totals $32,310.00. Also enclosed is the adjuster's list of contents losses from this flood.[34]

This language does not adequately state the amount that plaintiffs are claiming under the policy. *See Cummings v. Fidelity Nat. Indem. Ins. Co.*, 636 F. App'x 221, 224 (5th Cir. 2016) (attaching a four-page list of contents with a replacement cost of $104,390 does not meet the requirements of the SFIP when that number did not appear on the signed POL); *see also DeCosta*, 730 F.2d at 85 (insurer need not reimburse losses documented in an adjuster's estimate that was appended to POL when the losses were not

---

[34]    R. Doc. 9-10 at 2.

included in the amount stated in the POL).  This POL does not comply with

the requirements of the SFIP because plaintiffs do not state "the amount

[they] are claiming under the policy."  44 C.F.R. § 61, app. A(1) art. VII(J).

In addition, the December 7 POL contains the same statement that

plaintiffs "declare and attest that the information contained in this letter is

true and correct,"[35] which, as explained, is not adequate under 28 U.S.C. §

1746.  This POL therefore does not comply with the requirement that a

claimant swear to its contents either.

**C.    Plaintiffs' January 19, 2018 and February 7, 2018 Proofs of Loss for Undisputed Amounts**

Plaintiffs' January 2018 and February 2018 proofs of loss do not

comply with the requirements of the SFIP because they were submitted after

FEMA's extension deadlines.[36]  A claimant must submit a POL within 60

days after the loss, "or within any extension authorized by FEMA."  *Forman*,

138 F.3d at 545.  A POL submitted after FEMA's deadline excuses an

insurance provider's obligation to pay the claim, even when the insurer

continues to negotiate with the claimant after the late submission.  *Dawkins*

*v. Witt*, 318 F.3d 606, 610 (4th Cir. 2003); *Sanz v. U.S. Sec. Ins. Co.*, 328

F.3d 1314, 1319 (11th Cir. 2003) ("[F]ailure to file a proof of loss within 60

---

[35]    R. Doc. 9-10 at 2.
[36]    R. Doc. 38-3; R. Doc. 38-4.

days without obtaining a written waiver of the requirement eliminates the possibility of recovery."). Wright is not required to pay the amounts claimed in plaintiffs' untimely proofs of loss, even though these proofs of loss meet the other requirements of the SFIP.

Plaintiffs argue that these proofs of loss are not subject to FEMA's deadline because they claim only amounts that had already been claimed in plaintiffs' earlier, deficient proofs of loss.[37] The Fifth Circuit has addressed a situation in which a policy-holder sought additional funds in a supplemental claim, whereas plaintiffs' untimely proofs of loss sought a subset of losses included in their April and December 2016 proofs of loss. But the Fifth Circuit held that a policy-holder must file a valid POL for all supplemental claims. *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 534 (5th Cir. 2015) (affirming judgment for defendant because "[m]ere notice . . . cannot supplant the SFIP's regulatory proof-of-loss requirement," even for supplemental claims). It is true that before this Fifth Circuit decision, a few district courts expressed uncertainty about a situation in which a policy-holder claimed losses that were entirely duplicative of losses that had already been submitted in a valid, timely POL. *See e.g., Downey v. Fed. Emergency Mgmt. Admin.*, No. 13-5744, 2014 WL 248126, at *3 (E.D.

---

[37]     R. Doc. 43 at 16-17.

La. Jan. 22, 2014) (holding that "a new POL might very well be unnecessary . . . where the claimant is not attempting to claim wholly new losses"). But this uncertainty pertained to a situation where the claimant's earlier POL was timely and complied with all requirements of the SFIP.

The Court finds no basis to hold that plaintiffs' initial, noncompliant proofs of loss allow Wright to accept their untimely proofs of loss. A claimant cannot rely on timely but unsworn proofs of loss to make a later POL timely, because he must "show prior compliance with all policy requirements" to have a valid claim. *See Richardson*, 279 F. App'x at 298. Plaintiffs did not comply with all policy requirements before submitting the untimely January and February 2018 proofs of loss. They are therefore not entitled to payment.

### D. Waiver and Estoppel

Plaintiffs also make arguments that appear to seek waiver of the POL requirement or equitable estoppel against Wright's assertion of a defense based on a deficient POL. They argue first that because FEMA erroneously stated in an administrative appeal decision that Wright made payment to plaintiffs in the amount of $63,663.82, the amount claimed in the February 7, 2018 POL, that Wright must accept the February POL and pay plaintiffs' claim.[38] They also argue that Wright must accept their POL because FEMA

---

[38]     R. Doc. 43 at 10.

noted that its appeal decision "does not prevent the policyholder from submitting any future claims for items or damage not included in the loss adjustment."[39]

First, plaintiffs' administrative appeal has no bearing on the issues in this case, because it did not address the POL requirement. It focused only on whether the SFIP covered certain items such as wood flooring, personal property in plaintiffs' detached garage, and plaintiffs' air conditioning system.[40] Indeed, the FEMA decision states that a claim may be considered only "[u]pon submittal of the required substantive documents . . . ."[41] Second, no action by FEMA or Wright, including erroneous statements in its administrative decision or Wright's payment of a portion of plaintiffs' claim from the March flood, can operate as a waiver of plaintiffs' obligation to file a valid POL. *See Gowland*, 143 F.3d at 954 (re-opening plaintiffs file after the sixty-day deadline does not waive the POL requirement); *Marseilles*, 542 F.3d at 1055-56 (initial payment on a claim without a POL does not operate as a waiver of the POL requirement for later adjustments); *see also DeCosta*, 739 F.3d at 87 (partial payment on an untimely POL does not operate as a waiver of the POL requirement for later payments on that claim). SFIP

---

[39]    R. Doc. 43 at 10-11; R. Doc. 43-2 at 20.
[40]    *See* R. Doc. 43-2 at 19-20.
[41]    *Id.* at 20.

requirements can be waived only with the express written consent of the Federal Insurance Administrator.  44 C.F.R. § 61.13(d).  There is no evidence of such a waiver in this case.

Nor can plaintiffs assert equitable estoppel against Wright, because the Fifth Circuit has repeatedly held that policy-holders who have not complied with the requirements of the SFIP cannot claim estoppel.  *See Wright*, 415 F.3d at 387-88; *Forman*, 138 F.3d at 545-46.  "When federal funds are involved, the judiciary is powerless to uphold a claim of estoppel because such a holding would encroach upon the appropriation power granted exclusively to Congress by the Constitution." *Gowland*, 143 F.3d at 955; *see also Dawkins*, 318 F.3d at 611 ("The Supreme Court has consistently denied efforts by litigants to estop the government from raising defenses based on claimants' failures to comply with governmental procedures due to misinformation from government agents.").  Thus, plaintiffs have not made a showing that the doctrine of estoppel should apply to this case.

Plaintiffs' argument in favor of waiver or estoppel relies on *Meister Brothers, Inc., v. Macy*, 674 F.2d 1174 (7th Cir. 1982).  In *Meister*, the Seventh Circuit held that an insurer was estopped from asserting a defense based on plaintiff's failure to file a timely proof of loss, because a government employee actively negotiated and obtained offers of settlement from FEMA

on plaintiff's behalf without ever mentioning the need for a proof of loss.  *Id.* at 1176-77.  The *Meister* decision is directly contrary to binding Fifth Circuit law disallowing estoppel in NFIP cases.  In addition, the Seventh Circuit emphasized that its holding was "limited to the unique circumstances of this case" and that "generally oral misinformation provided by a government employee does not provide a basis for estoppel."  *Id.* at 1177.  Thus, the Court declines to follow its reasoning.

Because none of plaintiffs' proofs of loss meets the requirements of the SFIP for either flood, plaintiffs' breach of contract claim fails.  *Gowland*, 143 F.3d at 954.  Plaintiffs have failed to raise a dispute as to any material fact, and they have not shown that additional discovery would change the outcome of their claim.  Wright is therefore entitled to summary judgment.


## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion for summary judgment.  Plaintiffs' claim is dismissed.


New Orleans, Louisiana, this __3rd__ day of April, 2019.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE